FILED
Aug 01, 2024
12:28 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **GREGORY PARKE,** | ) | **Docket Number: 2023-02-5069** |
| **Claimant,** | ) | |
| **v.** | ) | **State File Number: 860311-2023** |
| **MICHAEL BERGERON d/b/a** | ) | |
| **MB CONSTRUCTION,** | ) | **Judge Brian K. Addington** |
| **Respondent.** | ) | |

---

## EXPEDITED HEARING ORDER

---

Gregory Parke requested medical and temporary disability benefits for an injury he sustained while working for Michael Bergeron, owner of MB Construction. Mr. Bergeron denied the claim on the basis that Mr. Parke was an independent contractor and not an employee. After a July 25, 2024 expedited hearing, the Court holds Mr. Parke is entitled to the requested benefits.

### History of Claim

Mr. Parke, a Tennessee resident, was installing flooring for Mr. Bergeron on July 5, 2023, when he accidently cut his left hand with a razor knife. He notified Mr. Bergeron, but the company did not have workers' compensation insurance.

Because Mr. Bergeron did not provide any workers' compensation benefits, Mr. Parke received unauthorized conservative care and continued working until July 21, when pain and swelling caused him to seek emergency treatment. Mr. Parke was diagnosed with septic arthritis and underwent surgery. His treating surgeon, Dr. Jason Fogelman, gave him a non-weightbearing restriction for his left hand and ordered physical therapy. However, Mr. Parke was unable to afford the therapy.[1]

On September 4, 2023, Dr. Fogleman released Mr. Parke with ten-pound lifting restrictions for his left hand. Later that month, Mr. Parke returned with pain and swelling,

---

[1] Mr. Parke filed a Petition for Benefit Determination on July 27, 2023, notifying the State of his injury and disclosing that Mr. Bergeron did not have workers' compensation insurance.

and Dr. Fogleman recommended an index finger amputation. The surgery was not scheduled because of Mr. Parke's inability to pay.

Mr. Parke demonstrated to the Court that he can barely move his left index finger. He has lost most of his grip strength in that hand and endures constant pain.

As to his employment, Mr. Parke stated that Mr. Bergeron was his employer. Mr. Bergeron told him when and where to show up for work, controlled his weekly hours, and paid him $800.00 per week.

Mr. Parke requested temporary total disability benefits starting July 21, 2023. He was unable to find work with his restrictions until September 25. He also requested payment of past medical treatment in the amount of $9,675.16 and future medical treatment, including surgery, for his work injury.[2]

### Findings of Fact and Conclusions of Law

To obtain the requested relief, Mr. Parke must show a likelihood of prevailing at a hearing on the merits. Tenn. Code Ann. § 50-6-239(c)(6) (2023).

First, Mr. Parke must present sufficient evidence that he was Mr. Bergeron's employee. Section 50-6-102(10)(A) defines an "employee" to include "every person . . . in the service of an employer . . . under any contract of hire . . . written or implied[.]" The following factors are used to determine whether a worker is an employee or independent contractor:

(a) The right to control the conduct of the work;
(b) The right of termination;
(c) The method of payment;
(d) The freedom to select and hire helpers;
(e) The furnishing of tools and equipment;
(f) Self-scheduling of working hours; and
(g) The freedom to offer services to other entities.

*Id*. at -102(10)(D)(i).

The proof showed that Mr. Parke reported to work at the location assigned by Mr. Bergeron. He performed the type of work Mr. Bergeron told him to do, was paid weekly, and Mr. Bergeron controlled his pay and work schedule. The Court finds that Mr. Parke is likely to prove he was an employee at a final hearing.

Mr. Parke testified, and the medical records show, that he suffered a serious injury to his finger while working for Mr. Bergeron. He proved he is likely to succeed at a hearing

---

[2] Mr. Bergeron did not appear for the hearing.

on the merits that his injury arose primarily out of and in the course and scope of his employment under section 50-6-102(12).

As for the past medical treatment, "an employer who does not timely provide a panel of physicians risks being required to pay for treatment an injured worker receives on his own." *Ducros v. Metro Roofing and Metal Supply Co.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 62, at *10 (Oct. 17, 2017). Because Mr. Bergeron did not provide a panel, Mr. Parke sought treatment on his own. He offered bills from the medical treatment of his injury in the amount of $9,675.16, which Mr. Bergeron must pay. Mr. Parke's attorney is entitled to fees of 20% of this award. The Court holds that these expenses were reasonable and necessary to treat his injury.

As for future medical treatment, section 50-6-204(a)(1)(A) requires Mr. Bergeron to "furnish, free of charge to the employee, such medical and surgical treatment, medicine, medical and surgical supplies . . . reasonably necessary by accident[.]" Mr. Bergeron must authorize and pay for future medical treatment with Dr. Fogleman, whom the Court designates as Mr. Parke's authorized treating physician.

Mr. Parke also requested temporary partial disability benefits. To obtain these benefits, he must show that Dr. Fogleman returned him to work with restrictions that Mr. Bergeron either could not or would not accommodate. *See Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *8 (Dec. 11, 2015).

Mr. Parke presented evidence that Dr. Fogleman significantly restricted the use of his injured hand from July 21 through September 24, 2023. Thus, the Court holds that Mr. Parke is entitled to temporary partial disability benefits for that period.

To calculate temporary disability benefits, the Court relies on the wage statement Mr. Bergeron filed showing Mr. Parke's average weekly wage was $711.76 with a resulting compensation rate of $474.50, which included two vacation weeks. Mr. Parke argued his vacation weeks should not be included in his average weekly wage calculation. However, voluntary absences from work are not deducted from the 52-week period used to calculate an average weekly wage. *Goodman v. HBD Indus.*, 208 S.W.3d 373, 377 (Tenn. 2006). Therefore, Mr. Parke is entitled to temporary partial disability benefits at the weekly compensation rate of $474.50 from July 21 through September 24, 2023, in the amount of $4,406.08. Mr. Parke's attorney is entitled to a 20% fee from this award.

Finally, Mr. Bergeron did not have workers' compensation insurance at the time of Mr. Parke's injury. The Uninsured Employers Fund has *discretion* to pay *limited* temporary disability benefits and medical benefits if certain criteria are met. (See attached Benefits Request Form). Mr. Parke must establish that he: 1) worked for an uninsured employer; 2) suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015; 3) was a Tennessee resident on the date of injury; 4) provided notice to the Bureau of the injury and Mr. Bergeron's lack of coverage within 180 days of the injury; and, 5)

secured a judgment for workers' compensation benefits against Mr. Bergeron. Tenn. Code Ann. § 50-6-801(d)(1)-(5).

The Court finds Mr. Parke worked for an uninsured employer, Mr. Bergeron, and that he is likely to prove at a hearing on the merits that he suffered an injury arising primarily in the course and scope of employment on July 5, 2023. He was a Tennessee resident on that date, and he notified the Bureau within 180 days of the injury and Mr. Bergeron's lack of insurance. This order serves as a judgment for benefits.

Thus, the Court holds that Mr. Parke satisfied the requirements of section 50-6-801(d). He may complete the enclosed form *for consideration of a discretionary payment* through the Uninsured Employers Fund.

Also, the Court refers this case to the Compliance Program for consideration of penalty assessments from Mr. Bergeron's failure to offer medical benefits, as well as any other applicable penalties. *See* Tenn. Code Ann. § 50-6-118.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. Mr. Bergeron must pay past medical treatment under Tennessee Code Annotated section 50-6-204(a)(1)(A) in the amount of $9,675.16. Mr. Parke's attorney is entitled to fees of 20% of this award.

2. Mr. Bergeron must provide reasonable and necessary medical treatment causally related to the work injury under Tennessee Code Annotated section 50-6-204(a)(1)(A). Dr. Jason Fogleman remains the treating physician.

3. Mr. Bergeron must pay Mr. Parke temporary disability benefits in the lump-sum amount of $4,406.08. Mr. Parke's attorney is entitled to fees of 20% of this award.

4. Mr. Parke is eligible to request benefits from the Uninsured Employers Fund at the *Administrator's discretion* under Tennessee Code Annotated section 50-6-802(e)(1). To do so, he must complete and file the attached form.

5. The case is referred to the Compliance Program for consideration of penalties against Mr. Bergeron for failure to timely provide medical treatment.

6. The Court sets a status hearing on **September 17, 2024**, at **2:30 Eastern Time**. You must dial **855-543-5044** to participate.

7. Unless interlocutory appeal of this Expedited Hearing Order is filed, compliance with this order must occur by seven business days of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). Mr. Bergeron must submit confirmation of compliance by email to WCCompliance.Program@tn.gov by the

4

compliance deadline. Failure to do so may result in a penalty assessment for non-compliance.

8. For compliance questions, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

It is **ORDERED**.

**ENTERED August 1, 2024.**

/s/ Brian K. Addington

_____

**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**Appendix**

Exhibits:
1. Affidavit of Gregory Parke
2. Wage Statement
3. Notice of Denial
4. (Collective) medical bills:
   - Ballad Health
   - Tri-Cities ER Physicians
   - Carter County EMS
   - Bristol Regional Medical Center
   - Mountain Empire Radiology
   - Paragon Anesthesia
   - Watauga Orthopedics
   - SE Physician Services
5. Request for Information-Medical Statement
6. Final Medical Report
7. (Collective) medical records:
   - Ballad Health Urgent Care
   - Ballad Health-Sycamore Shoals Hospital
   - Ballad Health-Bristol Regional Medical Center
   - Watauga Orthopedics

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on August 1, 2024.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Todd East, Claimant's Attorney | X | | X | todd@toddeast.com |
| Michael Bergeron d/b/a MB Construction, Respondent | X | | X | bergeronmichael66@gmail.com<br>301 ½ West G Street<br>Elizabethton, TN 37643 |
| UEF Program | | | X | claudia.byers@tn.gov<br>lashawn.pender@tn.gov |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

7



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*